UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-14021-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY CLARK,

    Defendant.
_____/

FILED by _____ D.C.
MAY - 5 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO REQUEST SPECIFIC PERFORMANCE OF
THE GOVERNMENT BASED ON THIRD PARTY ASSISTANCE
TO GRANT REDUCTION OF SENTENCE FOR SUBSTANTIAL
ASSISTANCE, PURSUANT TO RULE 35(b) [D.E. #86]**

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the government's response, and this Court otherwise being advised in the premises, makes the following recommendations to the District Court:

    1.    The Defendant was convicted after a jury trial. In October of 1998 he was sentenced to 360 months in the Federal Bureau Prisons followed by 8 years of supervised release. The Defendant's conviction was affirmed by the Eleventh Circuit Court of Appeals.

    2.    Thereafter, in March of 2003, the Office of the United States Attorney filed a Motion To Reduce Sentence Pursuant To Rule 35(b) which was granted by the District Court on March 28, 2003. This Order granting the motion reduced the Defendant's sentence to 240 months.

3. Thereafter in March of 2008, this Defendant filed a 3582(c)(2) Motion To Modify Sentence in regards to retroactive Sentencing Guideline amendments. Judge Moore denied that motion. The Defendant appealed that denial. Judge Moore's Order was affirmed by the Eleventh Circuit in January of 2008.

4. The present motion filed by the Defendant claims that a relative by the name of Leroy Hayes, provided "substantial assistance" to former Assistant U. S. Attorney James McAdams and DEA Agent Nicholas Kent. The motion alleges that before and after the Defendant was sent to prison, AUSA McAdams and Agent Kent encouraged the Defendant to continue cooperating and they "would continue filing the appropriate motion for further downward departure."

5. The Defendant's motion alleges that this cooperation continued through his cousin, Leroy Hayes, but that the government has not filed any subsequent Rule 35 motions for further downward departure. The motion simply alleges that the Defendant, Timothy Clark, has performed all requested assistance to the government and has not received the promised downward departure.

6. This Court notes that nowhere in the motion does the Defendant refer to any vindictiveness on behalf of the government or any unconstitutional motive, such as race or religion, in failing to file an alleged Rule 35 motion.

7. The District Court is not required to conduct an evidentiary hearing on whether or not the government should be compelled to file a motion for downward departure under the facts set forth in the Defendant's motion. As referenced above, the motion does not allege that the government's decision to not seek further downward departure in the Defendant's case was due to any unconstitutional motive such as race or

religion. United States v. Ortiz, 133 Fed. Appx. 655 (11th Cir. 2005). The Defendant merely alleges that some relative by the name of Leroy Hayes purportedly provided substantial assistance. This Court notes that the government's response disputes this fact. Nevertheless, even if Leroy Hayes had provided substantial assistance, there is no allegation of unconstitutional motive or vindictiveness by the Defendant in his motion. A mere claim that the Defendant has provided substantial assistance or a general allegation of such improper motive, if even alleged, would not warrant granting the remedy requested by the Defendant nor even warrant an evidentiary hearing. United States v. James, 262 Fed. Appx. 159 (11th Cir. 2008).

8. The Defendant in this case merely makes unsubstantiated claims of "substantial assistance" through either himself and/or his relative Leroy Hayes. These generalized allegations do not even rise to the level of an unconstitutional motive. There is no such allegation set forth in the factual portion of the Defendant's pleading. While the government denies that any substantial assistance has been provided, the government still has the right to exercise its discretion in filing further Rule 35 motions, in addition to the original Rule 35 motion which was granted by the District Court in this case. The government is entitled to free exercise of their power to file any substantial assistance motion. This power is limited only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive. United States v. Nealy, 232 F.3d 825 (11th Cir. 2005). The generalized allegations, the lack of any specificity concerning the "substantial assistance" provided and lack of any allegations of unconstitutional motive all result in a denial of the relief sought by the Defendant herein. United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008).

3

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's motion [D.E. #86] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 5th day of May, 2009, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen Lineberger

Timothy Clark, Reg. No. 54382-004
Federal Detention Center
P.O. Box 1031
Coleman, FL 33521-1031